**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT TOPEKA, KANSAS**

| | |
|---|---|
| **LUANNE LEEDS as Executrix of the Estate of WILLIAM LEEDS, deceased,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) Case No.:  5:22-cv-4046 |
| **ALLIANZ RISKS CONSULTING, L.L.C. d/b/a ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,** | ) ) ) ) ) |
| and | ) ) |
| **ASSUREDPARTNERS AEROSPACE L.L.C d/b/a AIRSURE LIMITED, L.L.C.,** | ) ) ) |
| **Defendants.** | ) |

**NOTICE OF REMOVAL**

To the Honorable Judge of the United States District Court for the District of Kansas:

COMES NOW Defendant Allianz Global Risks US Insurance Company (hereinafter "Allianz"), incorrectly identified as "Allianz Risk Consulting, L.L.C. d/b/a Allianz Global Risks US Insurance Company", the removing party, and for its Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, respectfully states to this Court as follows:

**I.      FACTUAL BACKGROUND**

1.      This is a civil action currently pending in the District Court of Shawnee County, Kansas under the case caption *Luanne Leeds as Executrix of the Estate of William Leeds, deceased, v. Allianz Global Risks US Insurance Company and AssuredPartners Aerospace, LLC d/b/a Airsure Limited, LLC*; Case No. 2022-CV-000447.

1

2. Plaintiff Luanne Leeds, as Executrix of the Estate of William Leeds, deceased, brings a breach of contract action against Defendants for recovery of alleged damages and losses sustained by decedent Dr. William Leeds on the basis that Defendants allegedly breached their policy of insurance with their insured, William Leeds, and acted negligently and in bad faith by mishandling and inappropriately denying the Plaintiff's claim for coverage of certain insurance benefits under said policy following decedent's death, which gives rise to this cause of action.

3. Defendant Allianz Global Risks US Insurance Company has not filed an Answer to the State Court Petition as of the filing of the instant removal.

4. A copy of the Petition, along with all of the filings in the State Court file are attached hereto as **Exhibit A** pursuant to Local Rule 81.2.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

5. The removing party is Defendant Allianz Global Risks US Insurance Company in the above-entitled action.

6. Defendant Allianz Global Risks US Insurance Company was served with a copy of the Petition on August 23, 2022, by certified mail. However, counsel for Defendant Allianz Global Risks US Insurance Company entered their appearances for Allianz in the State court action on August 22, 2022, before service on Allianz was effectuated on August 23, 2022. Nonetheless, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because Defendant Allianz Global Risks US Insurance Company filed this Notice of Removal within 30 days of service.

7. Written notice of the filing of this Notice of Removal is concurrently being given to all adverse parties. A true and correct copy of this Notice of Removal and Notice of Filing of Notice of Removal are concurrently being filed with the Clerk of the District Court of Shawnee

County, Kansas, as required by 28 U.S.C. § 1446(d).  A copy of this Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

8. All Defendant(s) who have been served to date have consented to removal as required by 28 U.S.C. § 1446(b)(2). With respect to Defendant AssuredPartners Aerospace, LLC, it is unclear whether service has been effectuated on separate defendant, as an Alias Summons was issued in the State court action to AssuredPartners Aerospace, LLC on August 25, 2022. Regardless, and without waiving service of Defendant AssuredPartners Aerospace, LLC, counsel for Defendant Allianz has communicated with counsel for Defendant AssuredPartners Aerospace, LLC, who has advised that AssuredPartners Aerospace, LLC has no objection to this removal.

9. Defendants have a right of removal where an action is brought in state court over which the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a).  As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### III.    DIVERSITY JURISDICTION:  28 U.S.C. § 1332

10. According to 28 U.S.C. § 1446(a), a notice of removal must contain a short and plain statement of the grounds for removal. Defendant's removal of this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

11. 28 U.S.C. § 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." Here, complete diversity exists between the subject parties for this Court to exercise jurisdiction over this case.

12. For purposes of determining diversity jurisdiction in this case, Plaintiff Luanne Leeds, as Executrix of the Estate of William Leeds, deceased, is a resident of Kansas. Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be

a citizen only of the same State as the decedent". Since Plaintiff's claim is based on a fiduciary breach of duty owed by Defendants to their insured, William Leeds, deceased, and Plaintiff Luanne Leeds brings this action on behalf of the Estate of William Leeds, deceased, the citizenship of Plaintiff, for purposes of diversity jurisdiction, is determined based on the citizenship of William Leeds at the time of his death. *See Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997).

13. Based on the insurance policy attached as Exhibit A to Plaintiff's Petition, William Leeds is listed with an address in Topeka, Kansas. (*See* Plaintiff's Petition, Plaintiff's Exhibit A, pg. 1). Accordingly, Plaintiff is deemed a citizen of <u>Kansas</u>.

14. Defendant Allianz Global Risks US Insurance Company[1] is a corporation that is both incorporated and has its principal place of business in Illinois. "For the purposes of diversity jurisdiction, the citizenship of a business entity depends on its organizational structure. If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located." *Elan Pharms., LLC v. Sexton*, 421 F. Supp. 3d 1119, 1129 (D. Kan. 2019); 28 U.S.C. § 1332(c)(1). Therefore, Defendant Allianz Global Risks US Insurance Company is deemed a citizen of <u>Illinois</u>.

15. Based on information from counsel for Defendant AssuredPartners Aerospace, LLC, AssuredPartners Aerospace, LLC is a limited liability company which is organized under the laws of Colorado. The sole member/parent company of AssuredPartners Aerospace, LLC is a Delaware corporation. The laws pertaining to the citizenship of corporations do not extend to unincorporated entities, such as LLCs or limited partnerships. *Tilzer v. Davis, Bethune & Jones, LLC & Davis*, No. 03-2661-JWL, 2004 WL 825289, at *1 (D. Kan. Apr. 15, 2004). For purposes

---

[1] "Allianz Risks Consulting, LLC" listed in the Petition is improperly and incorrectly named as a Defendant in this case. With respect to Allianz, Allianz Global Risks US Insurance Company is the properly listed Defendant pertaining to the allegations in the Petition. Furthermore, Defendant Allianz Global Risks US Insurance Company is not a "d/b/a" of Allianz Risks Consulting, LLC.

4

of diversity jurisdiction, a LLC's citizenship is the citizenship of its members. *Id*. Based on information from counsel for AssuredPartners Aerospace, LLC, neither AssuredPartners Aerospace, LLC or its sole member/parent company is a citizen of or incorporated in Kansas. Therefore, based on information and belief, Defendant AssuredPartners Aerospace, LLC is not a citizen of Kansas and would be deemed a citizen of Delaware.

16.     Further, while 28 U.S.C. § 1332(c)(1) provides that in a "direct action against the insurer of a policy or contract of liability insurance…to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of…every State and foreign state of which the insured is a citizen", this "direct action" exception does not apply to suits brought by an insured against his own insurer. *See also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988) ("unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action") (finding "this is clearly not a direct action since the Tucks are not seeking to impose liability on USAA for the negligence of any party insured by USAA") (*citing* 13B *Federal Practice & Procedure,* § 3629, at 674–75 ("direct action provision not applicable to suits…for bad faith refusal to settle claims"); *Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985) ("The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer.")).

17.     Here, Plaintiff alleges that William Leeds, deceased, was an insured under the subject aircraft insurance policy written by Defendant AssuredPartners and issued by Defendant Allianz at the time of his death (which Defendants specifically deny) and, therefore, that Plaintiff on behalf of the Estate of Williams Leeds, deceased, is entitled to insurable benefits under said

5

policy. Thus, this action is brought by an insured against its own insurer and is not seeking to impose liability in this case against the insured, which would be the Plaintiff/deceased. Accordingly, the "direct action" statute is neither applicable to the present action, or the diversity jurisdiction analysis, nor serves as a bar to this Court's exercise of jurisdiction in this case.

18. As such, because the Plaintiff is a citizen of Kansas and Defendants are citizens of Illinois and Delaware, this action is between citizens of different states.

19. In addition, the amount in controversy exceeds $75,000. Plaintiff alleges that as a result of Defendants' purported breach of its fiduciary duties owed to Plaintiff, and particularly the decedent William Leeds, and bad faith in denying Plaintiff's claim for insurance coverage/benefits giving rise to this action, Plaintiff has sustained damages in the amount of $5,115,165.25. (*See* Plaintiff's Petition, ¶¶ 32-33). Particularly, plaintiff seeks for Defendants to satisfy the $5,115,165.25 amount based on a judgment which was arbitrarily and prejudicially obtained in a prior action which neither Defendant was a party to nor involved in the litigation. (*See* Plaintiff's Petition, ¶ 30).

20. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the action is properly between joined citizens of different states and the amount in controversy well exceeds $75,000.

WHEREFORE, Defendant Allianz Global Risks US Insurance Company, incorrectly identified as "Allianz Risk Consulting, L.L.C. d/b/a Allianz Global Risks US Insurance Company", hereby gives notice that this action is removed from the District Court of Shawnee County, Kansas to the United States District Court for the District of Kansas, and this Defendant further requests that this Court exercise jurisdiction over this action as though it had been originally instituted in this Court.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ John G. Schultz*
JOHN G. SCHULTZ        KS # 22871
DANIELLE M. UZELAC   KS # 26533
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
duzelac@fsmlawfirm.com
**ATTORNEY FOR DEFENDANT**
**ALLIANZ GLOBAL RISKS**
**US INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2022 a true and accurate copy of the foregoing was electronically filed with the Clerk of the District Court via the Courts e-Filing system, and served via electronic mail to:

Ronald P. Pope
Thomas B. Diehl
RALSTON, POPE & DIEHL, L.L.C.
2913 SW Maupin Lane
Topeka, KS 66614
Phone: (785) 273-8008
Fax: (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ John G. Schultz*
**ATTORNEY FOR DEFENDANT**
**ALLIANZ GLOBAL RISKS**
**US INSURANCE COMPANY**